IN RE WILL OF KENNETH H. FLEMING.

(Filed 4 October, 1916.)

**Wills—Trials—Change of Issues—Prejudice—Instructions—Mental Capacity.**

> Where in an action to caveat a will the trial judge has stated that he will submit three issues, as to the execution of the will, mental capacity of testator, and undue influence, and it is admitted that the will was executed, and there was no evidence of undue influence: *Held,* it was not prejudicial to the caveators that the court only submitted the usual issue relating to the execution and validity of the will. The charge as to the degree of mental capacity required is approved.

ISSUE of *devisavit vel non,* tried at March Term, 1916, of PITT, before *Whedbee, J.*

Upon the submission of the usual issue, the jury found that the paper-writing propounded for probate was the last will and testament of K. H. Fleming, deceased.

*Harry Skinner, W. F. Evans, Albion Dunn for caveators, appellants.*
*Harding & Pierce, S. J. Everett and F. G. James & Son for propounders, appellees.*

PER CURIAM. We have examined the ten assignments of error relating to the admission of testimony over the objection of the caveators, and find them to be without merit. The court stated, in the presence of the jury, at the beginning of the introduction of evidence, that he would submit three issues tendered by the caveators and that he would answer the first issue "Yes" and the third issue "No." Instead of submitting the three issues, he submitted only one, which is the usual issue submitted in a controversy relating to the execution and validity of a will.

We do not think that the caveators were prejudiced at all by the action of his Honor. The first issue tendered by them related to the execution of the will; the second, to the mental capacity of the testator; and the third, to undue influence. The execution of the will was admitted, and we agree with his Honor that there is no sufficient evidence of any undue influence. The question of the mental capacity of the testator was submitted to the jury in a charge free from error. We think the standard of mental capacity laid down by his Honor, that "A person has testamentary capacity within the meaning of the law if he has a clear understanding of the nature of the business in which he is engaged, of the kind and value of the property devised, of the persons who are the natural objects of his bounty, and of the manner in which he desires his property to be distributed," has been approved by this Court in many decisions. *Wood v. Sawyer,* 61 N. C., 277.

No error.